IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:16CV733

| WILLIAM L. ROTH, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| Vs. | ) | ORDER |
| ALCOHOL & TOBACCO TAX & TRADE BUREAU BATF and BATF, | ) | |
| Defendants. | ) | |

This matter is before the Court upon Defendants' Motion to Dismiss pursuant to Rule 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. The *pro se* Plaintiff has filed a response in opposition and the Defendants have filed a Reply. This matter is now ripe for disposition.

## I.    FACTUAL BACKGROUND

On October 5, 2016, Plaintiff William L. Roth filed a complaint in the General Court of Justice in Mecklenburg, North Carolina, seeking a refund of firearm and ammunition excise taxes allegedly paid by a third party to the Alcohol and Tobacco Tax and Trade Bureau ("TTB") in the first quarter of 2005. Defendants filed a timely notice of removal and the case was removed to this Court on October 24, 2016.

The Internal Revenue Code imposes an excise tax on the first domestic sale of firearms and ammunition manufactured in the United States. 26 U.S.C. § 4181; 27 C.F.R. § 53.2, 53.61(a), (e). Under certain circumstances, domestically-manufactured firearms and ammunition may be sold tax-free for export, or for resale by the purchaser to a second purchaser for export. *See* 26 U.S.C. § 4221(a)(2); 27 C.F.R. § 53.133. If the original manufacturer pays the tax on an

1

article that was subsequently exported prior to its first taxable use, such payment is deemed an overpayment by reason of its exportation. *See* 27 C.F.R. § 53.178(a), (b). Either the manufacturer or the exporter of the article may request a refund in this circumstance. *See* 26 U.S.C. § 6416(c); 27 C.F.R. § 53.184. If the exporter requests a refund, the exporter must include with its refund claim a letter from the manufacturer that waives the manufacturer's right to claim the refund and that provides proof of the amount of taxes paid by the manufacturer. *See* 27 C.F.R. § 53.184(b).

From at least 2004 through 2007, Plaintiff Roth owned and operated a corporation called Operational Support Services, Inc. ("OSS"). (Doc. No. 7-3, Decl. of Todd Moon, at ¶ 2.)[1] OSS has alleged to TTB that it bought firearms and ammunition from third party seller(s). *Id.* at ¶ 3. OSS allegedly bought the firearms and ammunition at "tax-included" prices, meaning that OSS's purchase price included the cost of the federal tax remitted to TTB by the original manufacturer, meaning that OSS's purchase price included the cost of the federal excise tax incurred by the original manufacturer. *Id.* OSS then alleged that it exported the firearms and ammunition outside the United States, and subsequently requested a refund of the excise taxes. *Id.*

In 2007, OSS filed two claims with the TTB for refunds of excise taxes. *Id.* at ¶ 4. The administrative claims were assigned claim numbers MWR-106924 and MWR-109002. *Id.* The first claim, MWR-106924, requested a refund of excise taxes in the amount of $63,339.55 for tax periods encompassing 2004 through 2006. *Id.* The second claim, MWR-109002, requested a refund of excise taxes in the amount of $56,573.74. *Id.*

---

[1] Defendants have submitted the Declaration of Todd B. Moon, Assistant Director of Tax Services at the TTB's National Revenue Center in Cincinnati, Ohio. "In determining whether jurisdiction exists, the district court is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Richmond, F. & P. R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991).

On June 12, 2007, TTB denied both claims in full. *Id*. at ¶ 5; Exhibit A. TTB denied the claims because OSS failed to provide the required supporting evidence. *Id*. For instance, OSS did not provide a statement, signed by the person who paid the tax, waiving its right to claim a credit or refund of such tax. *Id*. OSS also failed to provide proof of the amount of excise taxes paid by the manufacturer and the dates that the taxes were paid. *Id*.

On October 5, 2016, Plaintiff Roth filed a Complaint seeking an "excise tax revenue refund due for the first quarter of 2005." *See* Complaint, Doc. No. 1. Plaintiff states in his Complaint that "Plaintiff paid the excise tax to ATK, Inc., [w]ho in turn paid the [TTB]. The TTB audited my records and admitted to plaintiff that they owe me the refund however they have fail[ed] to pay the funds owed to the plaintiff." *Id*. Plaintiff did not include a copy of the refund claim(s) that OSS filed with the TTB as part of his complaint. *See id*. The TTB has no record of Plaintiff Roth ever paying excise taxes to the TTB or filing an administrative claim for refund with the TTB in his personal capacity. (Doc. No. 7-3, at ¶ 6.)

## II. DISCUSSION

Under Federal Rule of Civil Procedure 12(b)(1), a case may be dismissed for lack of subject matter jurisdiction. When subject matter jurisdiction is challenged under this rule, the plaintiff bears the burden of persuasion. *Smith v. Wash. Metro. Area Transit Auth*., 290 F.3d 201, 205 (4th Cir. 2002).

Under Federal Rule of Civil Procedure 12(b)(6), a case may be dismissed for failure to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss, the court must determine whether the complaint "provide[s] enough facts to state a claim that is plausible on its face." *Sarvis v. Alcorn*, 826 F.3d 708, 718 (4th Cir. 2016) (quoting *Robinson v. Am. Honda Motor Co*., 551 F.3d 218, 222 (4th Cir. 2009)). In order to reach facial plausibility,

3

the plaintiff must "plead factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

The Court will first address Defendants' 12(b)(1) motion. There is no dispute that Plaintiff Roth never filed an administrative claim with TTB in his personal capacity. Under 28 U.S.C. § 1346(a)(1), the United States has consented to be sued in federal district court in civil actions "for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected." However, a party bringing such an action must exhaust its administrative remedies by filing a timely and proper refund claim prior to filing suit. *See* 26 U.S.C. § 7422(a) ("No suit . . . shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, . . . until a claim for refund . . . has been duly filed with the Secretary, according to the provisions of law in that regard…."). The code requires that the taxpayer first exhaust his administrative remedies in order to "allow the administrative agency to act within the sphere of its special competence, to apply its expertise, … to correct its own errors, and [to] create[] a reasonable division of labor between agency and court." *Kenlin Indus. v. United States*, 927 F.2d 782, 786-87 (4th Cir. 1991).

The Plaintiff in this refund suit has failed to exhaust his administrative remedies. The TTB has no record of William L. Roth ever filing an administrative claim for refund with the TTB in his personal capacity. (Doc. No. 7-3, ¶ 6.)

Mr. Roth's company, OSS, *did* file a refund claim. However, the Complaint does not name OSS or otherwise suggest that Mr. Roth meant to request a refund on behalf of OSS. To the contrary, the Complaint states that "plaintiff paid the excise tax to ATK." (Doc. No. 1-1.) In his response to Defendants' motion, Plaintiff states that he "is representing himself and

4

Operational Support Services in this matter." (Doc. No. 9, p. 4) However, Plaintiff has not moved to add OSS as a plaintiff.

Even if Mr. Roth moved to substitute his company OSS as a plaintiff and the Court allowed it, the case would still be subject to dismissal for lack of jurisdiction because OSS failed to perfect its administrative claim for refund. The United States has waived sovereign immunity for the "recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected . . . ." 28 U.S.C. § 1346(a)(1). Section 7422(a), in turn, requires that the taxpayer must file a refund claim "with the Secretary, *according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof*." 26 U.S.C. § 7422(a) (emphasis added).

One of the regulations incorporated by §7422(a) is 27 C.F.R. § 53.184(b). Section 53.184(b) requires an exporter who is requesting a tax refund to provide:

> "[A] statement, signed by the person who paid the tax, showing
>
> (1) That the person who paid the tax waives the right to claim credit or refund of the tax; and
> (2) The amount of tax paid on the sale of the article and the date of payment."

27 C.F.R. § 53.184(b). If the exporter fails to provide this information, "[n]o claim for refund of any overpayment of tax . . . shall be allowed." *Id*.

OSS failed to file the required documentation with its claim for refund. OSS did not provide a letter from the manufacturer that demonstrated that the manufacturer waived its right to claim a credit or refund of the excise tax, and OSS did not provide documentation of the amount of excise taxes paid by the manufacturer and the date that those taxes were paid. Thus, the Defendants argue that OSS failed to perfect its claim and thereby to exhaust its administrative remedies.

5

In Plaintiff's response to Defendants' Motion to Dismiss, Plaintiff does not rebut the Defendants' argument that OSS failed to perfect its administrative claim. Plaintiff does not contend that OSS provided the documentation required by 27 C.F.R. § 53.184(b). Instead, Plaintiff argues that he and/or OSS "requested a copy of the filed tax form" which he believes would have shown payment of the excise taxes by the manufacturer, and Plaintiff appears to argue that the burden is on the TTB to produce evidence of ATK's payment of the excise taxes at issue here. (Doc. No. 9, pp. 1, 4.) Plaintiff's argument fails, because 27 C.F.R. § 53.184(b) explicitly states that if the exporter fails to provide the requisite documentation, "[n]o claim for refund of any overpayment of tax . . . shall be allowed." Thus, Plaintiff has not rebutted the Defendants' evidence that OSS failed to perfect its claim, and his case must be dismissed for lack of jurisdiction. While it is unnecessary for the Court to address Defendants' 12(b)(6) motion, the Court notes that Plaintiff has not presented a claim for refund that is "plausible on its face," (*see Iqbal*, 556 U.S. at 663), and the Plaintiff's complaint is likewise subject to dismissal for failure to state a claim.

IT IS THEREFORE ORDERED that Defendants' Motion to Dismiss is hereby GRANTED.

Signed: April 5, 2017

Graham C. Mullen
United States District Judge